# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. JAMES FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-2017- 351-KEW |
| | ) | JURY TRIAL DEMANDED |
| 1. UNION PACIFIC RAILROAD, | ) | ATTORNEY LIEN CLAIMED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for his causes of action herein alleges:

## PARTIES

1. The Plaintiff is James Ford, an adult resident of Muskogee County, Oklahoma.

2. The Defendant is Union Pacific Railroad, a foreign limited liability company doing business in Muskogee County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for sex discrimination, including retaliation after Plaintiff complained of gender discrimination (including filing a federal lawsuit against the defendant for claims of gender discrimination), in violation of Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act.

4. Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 626(c); 42 U.S.C. § 2000e-5(f); and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a). All of the actions complained of occurred in Muskogee County, Oklahoma and the Defendant may be served in that county. Muskogee County is within the

Eastern District of the United States District Courts for Oklahoma, wherefore, venue is proper in this Court.

## STATEMENT OF FACTS

5. Defendant employed more than twenty (20) employees during at least twenty (20) weeks of each calendar year and was an employer under Title VII. There is no minimum employee requirement to be subject to the OADA.

6. The Plaintiff has worked for the Defendant as an Engineer for more than fifteen (15) years.

7. Plaintiff was qualified for his job and performed satisfactorily.

8. Plaintiff was terminated from employment around April 4, 2016.

9. Plaintiff was told prior to his termination that he was "a target" because of his prior complaints of gender discrimination made against the Defendant.

10. The stated reason for terminating Plaintiff's employment (this time) was that Plaintiff failed to renew his license.

11. However, this reason is pretextual for reasons including that Defendant routinely allowed other Engineers to work with expired licenses.

12. Plaintiff, as a member of a Union, attended an arbitration hearing regarding his termination. During the hearing, the Defendant discussed as part of the evidence against him, Plaintiff's prior complaint of gender discrimination and retaliation made against the Defendant.

13. Although Plaintiff received his job back, the Defendant refused to pay Plaintiff the back wages he earned prior to the retaliatory termination.

14. Plaintiff filed an EEOC charge of gender discrimination on January 27, 2017.

15. Around February 1, 2017, Plaintiff requested a transfer to another manager while the EEOC investigated Plaintiff's charge of discrimination.

16. Plaintiff made the request to his supervisors, Kevin Pratt and James Whitaker because Plaintiff had identified Mr. Pratt and Mr. Whitaker as among those who were discriminating and retaliating against him and he wanted this unlawful conduct to stop. Plaintiff explained this to Mr. Pratt and Mr. Whitaker, both of whom refused to transfer the Plaintiff.

17. Plaintiff was terminated (again) around June 2, 2017.

18. As a direct result, the Plaintiff has suffered (and continues to suffer), wage and benefit loss, and emotional distress/dignitary harm including worry, frustration and similar unpleasant emotions.

19. At the least, significant factors in the decision to terminate the Plaintiff include his prior complaints of gender discrimination.

20. Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge of discrimination on January 27, 2017. Plaintiff timely amended his charge to include the June 2, 2017 termination. The amended charge was filed with the EEOC on June 14, 2017. The EEOC issued a right to sue letter on June 29, 2017 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of his right to sue letter.

21. Discrimination (including retaliation) on the basis of age is a violation of Title VII

and Oklahoma's Anti-Discrimination Act.[1]

22. Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages).

23. Plaintiff is also entitled to an award of emotional distress damages.

24. Because Defendant's conduct was willful or, at the least, in reckless disregard for Plaintiff's rights, he is entitled to an award of punitive damages under Title VII.

25. Under the OADA Plaintiff is entitled to an award of liquidated damages.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendant on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 20th DAY OF SEPTEMBER, 2017**.

HAMMONS, GOWENS & HURST

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, GOWENS, HURST & ASSOC.
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

---

[1] Plaintiff does not assert claims under the OADA for the April 4, 2016 termination.